## Bauerlein's Estate.

*Wills—Legacies—Devise—Legacies payable out of residuary estate.*

Where a testatrix by her will bequeaths a large residuary legacy to a daughter and two smaller legacies to nieces, and directs that the balance of her estate real and personal shall be sold by her executors "and together with all remaining—after the above bequests have been paid, shall be divided share and share alike between my two sons and one daughter," naming them, and it appears that at the time the will was made, and that at the time of the death of the testatrix, she had no personal property commensurate with the payment of the legacies, such legacies will be paid pro tanto out of the fund representing net accumulations of rent which accrued from the decedent's real estate after her death.

Argued April 14, 1915. Appeal, No. 115, April T., 1915, by Mary Bauerlein and Mary A. Bauerlein, Executrix of the Estate of Christian Bauerlein, deceased, from decree of O. C. Allegheny Co., April T., 1914, No. 101, dismissing exceptions to adjudication in Estate of Barbara Bauerlein, deceased. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Exceptions to adjudication.

MILLER, J., filed the following opinion:

In addition to the exception to accountants' commission, is the important question, whether the legacies mentioned in the will are payable out of the residuary estate?

Testatrix, after bequeathing $22,000 in cash to her daughter Elizabeth; $2,000 to one niece, and $1,000 to another, disposed of the rest of her estate in the fifth paragraph as follows:

"The balance of my estate, real, personal and mixed, shall be sold by my executors hereinafter named and together with all remaining—after the above bequests have been paid, shall be divided share and share alike between my two sons and one daughter, namely: Christ Bauerlein, Adam A. Bauerlein, and Mrs. Elizabeth Pfitzenmeier, or their heirs."

There is a balance in her personal estate of $603.32; at the time of her death it amounted to $1,256.19. The rest of the account is from rents collected since her death, in 1902, in which rent account there is a balance of $2,898.22.

Testimony was admitted tending to show testatrix's personal estate at the time she made her will, her manner of living, and her probable expense; this testimony clearly shows that she did not have, in fact or in expectancy, any personal estate approaching the amount of legacies she bequeathed.

Her estate consisted almost wholly of a large lot of ground, with buildings thereon, located on Liberty street, near the Union Depot, in the city of Pittsburg; this is occupied by a large number of tenants, who are able to pay very small rents, and who occupied but one room, in some instances possibly more.

The expenses in maintaining this property has been heavy; the character of the tenants and their ability to pay has been very uncertain; expensive repairs in the

nature of water-closets and toilet rooms have been demanded on the part of the city, and had to be made.

The net income received by the testatrix, after expenses were deducted, was not large; the account shows that the net balance during the eleven or more years since testatrix's death, is small. This is explainable from an examination of the costs of maintenance, and the expense in keeping up the property.

This property was assessed in the lifetime of the decedent at about $25,000; the assessed value is now much larger; it is estimated to be worth from $60,000 to $75,000.

The character of the property and the class of tenants, justified the accountants in putting the renting thereof and the collection of the rents, in the hands of a renting agency, especially qualified for that purpose. In addition to this work done by the renting agency, the accountants gave much care and time to the general management and preservation of this property.

Under the facts above last stated, and giving a fair consideration to all the testimony, it seems manifest that the charge made by the accountants for services during the last eleven years is not excessive. The total charge, including the commissions on the balance of the rent account, is about $800; this for a period of eleven years, approximately about $75.00 per year, or $6.00 per month.

The standard by which to measure compensation of accountants is not upon the percentage basis, although that is a convenient method; but must be based on fair compensation for services rendered. The care and attention given by the accountants in conserving the estate; the labor performed and the responsibility imposed, Harrison Est., 217 Pa. 207, is the basis for compensation, and not a rate of commissions. This is one of the cases which justifies a reasonable allowance to the accountants for responsibility and labor, even though in the management of the estate expenses in the form of commissions

are also allowed to the renting agency: Casely's Est., 23 Pa. Superior Ct. 646.

A more difficult question seems to exist upon first examination, in construing the fifth paragraph of the will. Conversion is directed, then follows the expression "and together with all remaining—after the above bequests have been paid, shall be divided share and share alike."

It is argued by the exceptants that the payment of the legacies is limited to the personal estate. In support thereof the general propositions are presented, to wit: that the personal estate is the primary, and prima facie, the exclusive fund, for the payment of legacies; that if the personal estate be insufficient they are adeemed, and that the intention to charge the land with the payment thereof cannot be inferred, but must appear by the will itself, in support of which Duvall's Est., 146 Pa. 176, and Bennett's Est., 148 Pa. 139, are cited.

It is also contended that the expression, "together with all remaining—after the above bequests have been paid," means in the mind of the testatrix, that irrespective of her personal estate she had, the legacies were limited to it alone, she clearly indicating that the bequests must be paid out of personalty exclusively.

Granted that the terms used are seemingly in support of this contention, it must be observed that the manner in which phrases are connected in wills is not binding, when the intent of the testatrix clearly appears from a consideration of the whole will, coupled, as here, with a special direction to sell, and blend her entire estate for the purposes of distribution.

It is clear that she intended the bequests to be paid; she says so herself in the fifth paragraph. When that is done, the residue shall be divided. The terms "together with all remaining," does not limit this disposition to personal property. After having given these legacies she concerned herself with the balance of her estate; "all remaining" included her real estate; that

was in her mind as a part of the residue which should be converted, and from which necessarily the legacies must first be paid, because she divides the residue only after the bequests are paid.

The general rule is that when a testator mingles his real and personal estate in a residuary clause, that the testator intended that his legacy should be paid out of the remaining estate, and remain a charge on the land until paid.

The pecuniary legatees seem to have been the first objects of testatrix's bounty; especially is this so with respect to the bequest to her daughter Elizabeth. Testatrix knew, and was bound to know that this bequest could not be complied with out of her personal estate. For the purpose of meeting these bequests in full, she directed conversion of the real estate, blending it with the personalty, as the remainder from which the bequests should be paid. The language shows an intent to charge the land with the legacies as clearly as in Thompson's Est., 237 Pa. 165, and in Bender v. Bender, 206 Pa. 607.

The expression used by testatrix to the scrivener, that she had provided for these legacies, does not carry with it any implication that the provision was solely dependent upon her personal estate. She knew that she had valuable real estate; she directed it to be used for the purposes stated in her will, and she knew that this real estate did provide for the payment of the legacies.

It seems clear, therefore, that the fund for distribution of both characters, personalty and realty, must be first applied toward the payment of the legacies, and that these are a charge upon the real estate.

Let a decree be drawn dismissing the exceptions, and awarding the fund, pro rata, to the legatees.

And now, to wit: June 4, 1914, this matter came on to be heard upon exceptions to adjudication of audit, and was argued by counsel, and upon consideration

thereof, it is ordered, adjudged and decreed that the exceptions be dismissed at costs of exceptants.

*Error assigned* was decree dismissing exceptions to adjudication.

*J. C. R. Johnston*, with him *C. E. Theobald*, for appellants.

*E. J. McKenna*, of *McKenna & McKenna*, for appellee.

PER CURIAM, May 14, 1915:

The decree is affirmed at the costs of the appellants upon the opinion of Judge MILLER of the orphans' court.